ELIZA KORTRIGHT, Plaintiff,

*v.*

MARIA CRUZ DE GODINES ET AL., Defendants.

WRITS OF POSSESSION—PERSONS NOT PARTIES OR PRIVIES TO A SUIT NOT
AFFECTED.

1. A court issuing a writ of possession retains equitable jurisdiction over
it, and may recall it. Section 716, United States Revised Statutes.
(U. S. Comp. Stat. 1901, p. 580), gives the power to issue all writs
necessary for the exercise of the court's jurisdiction; but such writs
must be in accord with the usages and principles of law.

2. Persons not parties or privies to a suit cannot be affected in their rights
by any order or proceeding in such suit.

November 28, 1902.

*Mr. F. H. Dexter,* attorney for plaintiff.

*Mr. T. D. Mott, Jr.,* attorney for defendants.

HOLT, Judge, delivered the following opinion:

In this action of ejectment the declaration described the land
in contest, to wit, the plantation "Pajas." It was tried before
a jury, with a verdict and judgment thereon for the plaintiff,.
at the April term, 1902. The judgment also described the
land recovered. A writ of possession issued thereon, and the
return shows that the possession of the land described therein
was delivered to the plaintiff on June 14th, 1902.

Kortright v. Cruz de Godines.

The plaintiff now asks an order of survey, and files written grounds in support of the motion. They set out that certain adjoining owners refuse to allow a survey to establish her boundaries, and that by reason thereof she cannot take possession of the land to which she is entitled under the judgment, or place permanent boundaries thereto. The purpose of the purposed order of survey is to define the boundaries of her lands with reference to adjoining lands. This court has some equitable jurisdiction over a writ of possession. For instance, it may recall it. Section 716, United States Revised Statutes (U. S. Comp. Stat. 1901, p. 580), gives the power to issue all writs necessary for the exercise of the court's jurisdiction, but provides that they must be such as are in accord with the usages and principles of law. In the first place, the return of the officer shows that the plaintiff was put in possession of the lands she recovered. The record is against her motion. But, it is in effect a motion for an order to enter upon lands held by third parties, and make a survey, they not being parties to this suit. If the surveyor reported that they, or any of them, were in possession of any of the land, this court could not proceed to a hearing in this action and eject them, thus trying one ejectment after another in this action. This court has no right by any order or proceeding in this suit to disturb the possession of one who is not a party to it.

The motion is, therefore, overruled.